UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEVEN K. STANLEY           :
                                              :    PRISONER CASE NO.
      v.                                   :    3:11-cv-1184 (CFD)
                                              :
CAROL CHAPDELAINE, ET AL.   :

## ORDER

The plaintiff, Steven Stanley, filed this civil rights *pro se* pursuant to 42 U.S.C. § 1983 when he was incarcerated at Osborn Correctional Institution in Somers, Connecticut ("Osborn"). He has been discharged from Osborn and is living in Tolland, Connecticut. He sues Osborn Warden Carol Chapdelaine, Deputy Warden Frey, Lieutenant Torres and Correctional Officer Richardson for a variety of claims. Under 28 U.S.C. § 1915, the court may dismiss any portion of the complaint that either "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id*.

Prisoners are required to exhaust their administrative remedies before commencing an action in federal court and must comply with all procedural rules regarding the grievance process. *See Woodford v. Ngo*, 548 U.S. 81, 83-85 (2006). Completion of the exhaustion process after a federal action has been filed does not satisfy the exhaustion requirement. *See Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001).

Failure to exhaust administrative remedies is an affirmative defense. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). A court may, however, dismiss a complaint for failure to state a claim where the allegations on the face of the complaint establish that it is subject to dismissal, even on the basis of an affirmative defense. *See id*. at 213-16

(acknowledging that court may dismiss a complaint sua sponte where an affirmative defense is apparent on the face of the complaint).

The timing of the events set forth in the complaint show that plaintiff could not have fully exhausted his administrative remedies prior to filing this lawsuit.  Since he filed this action before his release from incarceration, he is required to demonstrate such exhaustion.

Stanley asserts that on June 26, 2011 at Osborn, he was assaulted by a fellow inmate by the name of Brown.  He claims that the assault was due to the negligence and incompetence of the Department of Correction.  The plaintiff suffered a chipped tooth and an injury to his knee during the assault.  He also claims that the medical department at Osborn did not adequately respond to his requests for medical and dental treatment.

Stanley claims that after the assault, Lieutenant Torres placed him on administrative detention unlawfully, and that Deputy Warden Frey denied him a "death bed furlough" due to the disciplinary issues arising from the assault.  Stanley also claims that he sought to preserve the videotape of the assault in order to prove his innocence at any disciplinary proceeding.  Officer Richardson denied Stanley's request to preserve the videotape.  Stanley then wrote to Warden Chapdelaine regarding these issues, but she failed to respond.  Stanley seeks damages for these events.

The administrative remedies for the State of Connecticut Department of Correction are set forth in Administrative Directive 9.6, entitled Inmate Administrative Remedies.  The Inmate Grievance Procedure provides an administrative remedy for all matters subject to the Commissioner's authority that are not specifically identified in

Sections 4(B) through 4(I) of the directive. Stanley's claim that the Department of Correction failed to protect him from assault by another inmate is grievable pursuant to Administrative Directive 9.6, Sections 4 and 6.  *See* Administrative Directive 9.6, Sections 4(A) and 6(B), http://www.ct.gov/doc/LIB/doc/PDF/AD/ad0906.pdf.

Pursuant to Administrative Directive 9.6, an inmate must first seek informal resolution of the issue.  If informal resolution is unsuccessful, the inmate must file a Level 1 grievance.  The Unit Administrator has thirty business days from receipt of the grievance to respond to it.  If the Level 1 grievance is denied or if the Unit Administrator fails to respond timely, the inmate must appeal the denial to Level 2.  A District Administrator must respond to the Level 2 grievance within thirty business days of receipt of the Level 2 grievance appeal.  Level 3 grievance appeals are limited to certain types of grievances relating to department level policy, the integrity of the grievance procedure and untimely responses to Level 2 grievances.  The Commissioner or his or her designee must respond to a Level 3 grievance appeal within thirty business days of receipt of the appeal.  *See id.* at Section 6(A)-(L).

Stanley does not indicate that he engaged in informal resolution of his claim that Department of Correction officials failed to protect him from assault by another inmate. Nor does he allege that he filed a grievance about the assault.

Matters relating to the provision of health services to inmates are grievable and are addressed in Administrative Directive 8.9, entitled Health Services Review.  *See id.* at Section 4(K).  Pursuant to Administrative Directive 8.9, an inmate seeking review of a medical decision regarding the diagnosis or treatment or lack of a diagnosis or treatment of a medical condition, must apply for a Health Services Review by filling out

an Inmate Administrative Remedy Form, CN 9602.  *See* Administrative Directive 8.9, Sections 10, http://www.ct.gov/doc/LIB/doc/PDF/AD/ad0809.pdf.

Stanley attached an Inmate Request Form to his complaint showing that he sought medical assistance for his knee and dental injuries.  A dental employee responded on July 11, 2011, that Stanley would be seen in the Dental Department when he was released from segregation.  Stanley does not allege that he filed a Health Services Review regarding his claims of a denial of or delay in treatment for dental and knee injuries.

A guilty finding after a disciplinary hearing can be exhausted by filing an appeal with the District Administrator.  *See* Administrative Directive 9.6, Sections 4(E) and 10, http://www.ct.gov/doc/LIB/doc/PDF/AD/ad0906.pdf.  The appeal must be filed within fifteen calendar days of the notice of the guilty finding.  The District Administrator must respond to the appeal within fifteen business days of receipt of the appeal.  The decision of the District Administrator is not subject to further appeal.  *See id.* at Section 10.

Stanley asserts that he received a disciplinary charge stemming from the assault, but does not indicate whether a disciplinary hearing officer found him guilty of the charge or imposed sanctions against him.  If a disciplinary hearing officer found the plaintiff guilty prior the filing of this complaint, the plaintiff does not indicate that he appealed the guilty finding.

A denial of an inmate's request for a "death bed furlough" may be exhausted by filing an appeal with the Unit Administrator.  *See id.* at Sections 4(H) and 13.  The appeal must be filed within fifteen calendar days of the notice of the denial of the

furlough request.  The Unit Administrator must respond to the appeal within fifteen business days of receipt of the appeal.  The decision of the Unit Administrator is not subject to further appeal.  *See id.* at Section 13.

Stanley claims that defendant Frey denied his request for such a furlough because he had been issued a disciplinary report.  Stanley does not allege, however, that he filed an administrative appeal of that decision.

Stanley's complaint is dated July 20, 2011, and was received by the court on July 27, 2011.  Based on the time periods set forth in the Administrative Directives described above, it is apparent that there was insufficient time for plaintiff to have fully exhausted his various claims prior to filing this lawsuit.

The U.S. Court of Appeals for the Second Circuit has cautioned the district courts not to dismiss a case *sua sponte* without first ensuring that plaintiff has notice and an opportunity to be heard.  *See Abbas v. Dixon*, 480 F.3d 636, 639-40 (2d Cir. 2007); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (requiring district court to afford prisoner notice and opportunity to demonstrate that he has exhausted his available remedies).  Accordingly, the Court directs the plaintiff to explain to the Court why this case should not be dismissed for failure to fully exhaust his administrative remedies before filing this action.  Any such dismissal would be without prejudice to plaintiff re-filing this action.  If plaintiff had insufficient time to exhaust his administrative appeals prior to his discharge, he could file a new suit without demonstrating he exhausted those appeals.

The plaintiff shall submit his response within **thirty (30)** days from the date of this order.  The plaintiff shall attach to his response copies of the documents showing exhaustion of his claims.  Failure to provide evidence of exhaustion, or evidence of why plaintiff was not required to exhaust his administrative remedies, within the time provided may result in the dismissal of this action without any further notice.

**SO ORDERED.**

Dated this 18th day of October 2011, at Hartford, Connecticut.

/s/ Christopher F. Droney
CHRISTOPHER F. DRONEY
UNITED STATES DISTRICT JUDGE